UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANNE CHRISTOPHER, § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. 10-CV-3797 |
| NATIONWIDE CASUALTY AND § PROPERTY COMPANY, § § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Nationwide Casualty and Property Company's ("Nationwide") verified plea in abatement (Doc. No. 10). Upon considering the verified plea in abatement, all responses thereto, and the applicable law, the Court finds that Nationwide's verified plea in abatement must be granted.

### I.    BACKGROUND

This is an insurance dispute arising from damage to Plaintiff's property that resulted from Hurricane Ike. Plaintiff Anne Christopher filed her original petition against Nationwide in state court on September 14, 2010, alleging violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") among other causes of action. (Doc. No. 1, Exh. 4.) Nationwide filed a notice of removal on October 14, 2010 (Doc. No. 1), and subsequently filed a motion for partial dismissal on October 19, 2010 (Doc. No. 4). On November 11, 2010, Defendant Nationwide filed a verified plea in abatement, arguing that Plaintiff failed to provide it with the sixty-day statutory notice ("pre-filing notice") required by § 541.154(a) of the Texas Insurance Code and §

1

17.505(a) of the Texas Business & Commerce Code. Plaintiffs contend that pre-filing notice is not required due to impracticability.

## II.   LEGAL STANDARD

Section 541.154(a) of the Texas Insurance Code requires that a person seeking damages against another person under the Insurance Code "must provide written notice to the other person not later than the 61st day before the date the action is filed." Tex. Ins. Code. § 541.154(a). The purpose of the 60-day notice requirement is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992). The notice must "advise" the party being sued of: (1) the specific complaint, and (2) the amount of actual damages and expenses being sought. *Id.* at § 541.154(b). The notice requirements establish a fairly low threshold that must be met. *Richardson v. Foster & Sear LLP*, 257 S.W.3d 782 (Tex. App.—Ft. Worth 2008). Notice letters containing a factual basis of the complaint and the amount of damages sought satisfy the notice requirement. *Id.*; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.).

Exceptions to the requirement of pre-filing notice can be made when notice would be impracticable for either of two reasons: (1) the action must be filed to prevent the statute of limitations from expiring, or (2) the action is asserted as a counterclaim. Tex. Ins. Code. § 541.154(c). In order to qualify for the first exception, a claimant must "plead and offer some proof that the giving of notice was 'rendered impracticable' by the impending expiration of the limitations period." *How Ins. Co. v. Patriot Financial Services, Inc.*, 786 S.W.2d 533, 538 (Tex. App.—Austin 1990).

If a person against whom an action under the Texas Insurance Code is brought does not receive the required pre-filing notice, he or she may file a plea in abatement "not later than the 30th day after the date" he or she "files an original answer in the court in which the action is pending." Tex. Ins. Code. § 541.155(a). A court must abate the action if it finds that the claimant did not provide the pre-filing notice required by § 541.155(a). *Id.* at § 541.155(b); *see also Hines*, 843 S.W.2d at 469. Court action is not required if the plea for abatement is verified, alleges that the person against whom the action is pending did not receive the pre-filing notice, and is not controverted by a claimant's affidavit filed before the 11th day after the date the plea in abatement is filed. *Id.* at § 541.155(c). The abatement will run until the 60th day after the date the claimant properly provides the pre-filing notice. *Id.* at § 541.155(d).

The DTPA also requires that pre-filing notice be given to a defendant at least 60 days prior to the filing of suit alleging a cause of action under the DTPA. Tex. Bus. & Com. Code § 17.505(a). Similar to the Insurance Code, the DTPA contains an exception to the notice requirement in cases where notice would be impracticable due to an impending expiration of the statute of limitations. *Id.* § 17.505(b). A defendant who has not received proper notice may file a verified plea in abatement. *Id.* §§ 17.505(c), (d)

### III. ANALYSIS

Defendant argues that this case must be abated because Plaintiff failed to file the pre-filing notice required by the Texas Insurance Code (for her Insurance Code-based claim) and by the Texas Business & Commerce Code (for her DTPA claim). Plaintiff responds by stating that pre-filing notice is not required under either statute because the impending statute of limitations rendered the notice impracticable. Specifically, Plaintiff

contends that her claims are subject to a 2-year statute of limitations. As the damage caused by Hurricane Ike to her home occurred in September 2008, she was required to file suit on September 14, 2010 in order to avoid her claims from being barred by the limitations period.

In order to take advantage of the exception to pre-filing notice based on impracticability, a plaintiff must "plead and offer some proof" that giving notice was rendered impracticable by the impending expiration of the limitations period. *See Ross v. Nationwide Ins. Co.*, 2011 U.S. Dist. LEXIS 69, *7 (S.D. Tex. Jan. 3, 2011) (quoting *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, 2005 U.S. Dist. LEXIS 13494, *1 (W.D. Tex. June 30, 2005)); *HOW Ins. Co. v. Patriot Fin. Servs.*, 786 S.W.2d 533, 538 (Tex. App.—Austin 1990, pet. denied), *overruled on other grounds by Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992).

As an initial matter, the Court finds that both Nationwide's Verified Plea in Abatement and Plaintiff's objection to the verified plea in abatement are timely filed. As to the substance of Plaintiff's objection, the Court finds that Plaintiff has failed to plead the impracticability exception to the pre-filing notice requirement and offer proof of the impracticability. Plaintiff's Original Petition makes no mention of the impending expiration of any statute of limitations, the requirement of pre-filing notice and exceptions thereto, or any impracticability in submitting pre-filing notice. In Plaintiff's response to Nationwide's Verified in Plea in Abatement, Plaintiff does not offer proof that it would not have been possible for her to send notice to Nationwide in sufficient time to avoid the limitations period's bar on a lawsuit. Due to Plaintiff's failure to plead and offer proof of impracticability, Plaintiff is required to submit the pre-filing notice

required by the Texas Insurance Code and the Texas Business & Commerce Code. Accordingly, the Court finds it appropriate to grant Nationwide's plea to abate the case until the 60th day after the date that notice, as required by Tex. Ins. Code. § 541.154(b) and Tex. Bus. & Com. Code § 17.505(a), is served on Nationwide.

## IV.   CONCLUSION

Defendant Nationwide's verified plea in abatement (Doc. No. 10) is **GRANTED**. This case is hereby **ABATED** until the 60th day after Nationwide receives notice pursuant to Tex. Ins. Code. § 541.154(b) and Tex. Bus. & Com. Code § 17.505(a).

**IT IS SO ORDERED.**

**SIGNED** this 25 day of January, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE